UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STAGWELL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD OH, <br><br> Defendant. | Case No. 22-cv-3495 (JMC) |

**MEMORANDUM OPINION**

Plaintiff/Counter-Defendant Stagwell Technologies, Inc. (Stagwell) filed this suit against pro se Defendant/Counter-Plaintiff Richard Oh in 2022. *See* ECF 1.[1] Stagwell alleged that Oh "defrauded [Stagwell] into assuming a multimillion-dollar liability" by falsely inducing the company to pay rent on a lease that Oh was in fact liable for. *See id.* ¶¶ 5–30. Since then, Oh has filed several motions—including a motion to dismiss, ECF 24—which the Court denied on the record. *See* May 28, 2024 Minute Entry; Sept. 18, 2024 Minute Entry. Oh filed an answer and asserted three counterclaims against Stagwell: malicious prosecution, abuse of process, and intentional infliction of emotional distress (IIED). ECF 35 at 6–10. Stagwell moves to dismiss Oh's counterclaims. ECF 43-1. For the reasons explained below, the Court **GRANTS** Stagwell's motion. The Court's resolution of this motion has no bearing on the merits of Stagwell's allegations against Oh or Oh's defenses to those allegations.

In resolving Stagwell's motion to dismiss, the Court assumes that Oh's factual allegations are true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and construes his filings liberally in light

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

of his pro se status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

First, Oh claims that Stagwell engaged in malicious prosecution by filing this civil suit against him. ECF 35 ¶¶ 46–47. "One of the prima facie elements of the claim under D.C. law, however, is that the underlying suit must have been first terminated in favor of the claimant." *U.S. ex rel. Head v. Kane Co.*, 668 F. Supp. 2d 146, 156 (D.D.C. 2009); *see Shulman v. Miskell*, 626 F.2d 173, 174–75 (D.C. Cir. 1980).[2] Here, the underlying suit (the allegedly malicious prosecution) is the instant civil suit filed by Stagwell. Because this lawsuit has not yet been resolved on the merits, Oh's claim is premature. The Court will therefore dismiss Oh's counterclaim for malicious prosecution. Oh is free to refile his suit at the appropriate time.

Oh's IIED claim turns on his malicious prosecution claim. He alleges that, "[a]s a direct consequence of Stagwell's malicious prosecution of civil case by abusing the legal process, Defendant has incurred both economic and non-economic expenses in challenging the underlying action," including "pain and suffering [and] emotional distress." ECF 35 ¶¶ 52–53. The Court therefore dismisses Oh's IIED counterclaim as premature because it is premised entirely on his malicious prosecution claim.

Even if Oh's IIED claim were properly before the Court, he has failed to state a claim. "To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must show '(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress.'" *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1260 (D.C. 2016) (quoting *Williams v. District of Columbia*, 9 A.3d 484, 493–94

---

[2] Neither of the parties has raised a choice-of-law question: Stagwell assumes that District of Columbia law applies, *see* ECF 43-1 at 7–10, and Oh does not argue otherwise, *see generally* ECF 46. The Court need not challenge the parties' assumption that D.C. law applies. *See CSX Transp., Inc. v. Com. Union Ins. Co.*, 82 F.3d 478, 482–83 (D.C. Cir. 1996); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1495 (D.C. Cir. 1991) ("Unlike jurisdictional issues, courts need not address choice of law questions *sua sponte*.").

(D.C. 2010)). Severe emotional distress "requires a showing beyond mere mental anguish and stress and must be of so acute a nature that harmful physical consequences are likely to result." *Id.* at 1261. Oh alleges only that he seeks compensation for "pain and suffering including emotional distress." ECF 35 ¶ 53. This is not sufficient to plausibly allege the severe emotional distress necessary to sustain an IIED claim. *See, e.g.*, *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 55 (D.D.C. 2019) (applying D.C. law, and concluding plaintiff did not plausibly allege severe emotional distress where he "made only the conclusory allegation that he 'has also experienced emotional distress'"); *Brown v. Children's Nat'l Med. Ctr.*, 773 F. Supp. 2d 125, 138 (D.D.C. 2011) (applying D.C. law, and explaining "[t]hat plaintiff 'was under a great deal of intentional pressure,' . . . does not adequately allege that she suffered severe emotional distress."); *Thompson v. Trump*, 590 F. Supp. 3d 46, 122 (D.D.C. 2022), *aff'd on other grounds sub nom. Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023) (under D.C. law, plaintiff's "largely conclusory" allegations that "Defendants' actions caused severe emotional distress" and "plaintiff suffered severe emotional distress" did not "meet the high bar for . . . an IIED claim").

Finally, Oh alleges that Stagwell engaged in abuse of process by filing this suit against him. ECF 35 ¶¶ 49–50; *see id.* ¶ 45 (alleging that Stagwell is "attempting to use . . . ridiculous, knowingly false statements in another attempt to escape payment with a different court to rehash claims."). But "simply filing a lawsuit is not actionable, regardless of the motive that may have prompted the suit." *Kopff v. World Rsch. Grp., LLC*, 519 F. Supp. 2d 97, 100 (D.D.C. 2007); *see Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980). The Court will therefore dismiss Oh's counterclaim for abuse of process for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

\* \* \*

For the foregoing reasons, Stagwell's motion to dismiss Oh's counterclaims, ECF 43-1, is **GRANTED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: November 22, 2024